862 F.2d 315
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert B. MACHEN, Defendant-Appellant.
 No. 88-5012.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 13, 1988.
Decided Nov. 8, 1988.
 
 Stephen A. Armstrong for appellant.
 Kenneth Melson, First Assistant United States Attorney (Henry E. Hudson, United States Attorney, Justin W. Williams, Assistant United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and WILKINS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The defendant, a lawyer, was convicted of obstruction of justice and witness tampering. He brought the case here with the assertion of nineteen separate claims of error.
 
 
 2
 The defendant received referral of a tax case from an agent of the Internal Revenue Service. The agent also provided assistance in the processing of the case, in violation of rules of the Service. Because of an investigation of the Revenue Agent, the defendant instructed his bookkeeper to alter some financial records. The altered documents were later submitted to a grand jury. Asked, on cross-examination, whether the documents were originals, Machen responded with a claim of his privilege against self-incrimination.
 
 
 3
 During the trial, Machen testified that he had wished to explain the altered documents to the grand jury. In response, the prosecution introduced evidence of the fact that, before the grand jury, he had claimed his Fifth Amendment privilege. Having cut off his cross-examination before the grand jury by his claim of his Fifth Amendment privilege, the defendant may not claim, before the trial jury, that he had wished to tell his whole story to the grand jury. If he makes such a claim during the trial, evidence of the fact of his claim of his Fifth Amendment privilege becomes admissible. Robinson v. United States, 108 S.Ct. 864, 866 (1988).
 
 
 4
 None of the other eighteen contentions deserve mention.
 
 
 5
 AFFIRMED.